UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA M. GRACE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14-CV-1771 (CEJ) |
| JEFFREY HUGHES, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Plaintiff has not responded to the motion and the time allowed for doing so has elapsed.

**I.   Background**

Plaintiff Sandra Grace is an employee of the United States Postal Service. On October 1, 2014, she filed in state court an *ex parte* petition for an order of protection against her supervisor, defendant Jeffery Hughes, alleging that he "aggressively harassed" her, threatened her employment, and berated her in front of her employees. Complaint ¶11. She further alleged that he followed her throughout her office and caused her "to have to work in an abusive and violent place of employment, causing [her] a great deal of mental stress." Id. at ¶12. She sought an order restraining defendant from, among other things, entering her place of employment and disparaging her to her employees. Id. at ¶15.

On October 20, 2014, defendant removed the action to this Court, pursuant to 28 U.S.C. § 1442(a)(1). This section allows federal officers or those "acting under" any "agency" or "officer" of the United States to remove to federal court suits brought against them in state court, when they were acting "in an official or individual capacity,

for or relating to any act under color of such office." Defendant now moves to dismiss for lack of subject-matter jurisdiction.

## II. Legal Standards

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). When a factual challenge is mounted, the court has authority to consider matters outside the pleadings. Osborn v. United States, 918 F.2d 724, 728 n.4 (8th Cir. 1990). On factual challenges to subject matter jurisdiction, plaintiffs are not given the protections of Rule 12(b)(6). "In short, no presumptive truthfulness attaches to the plaintiff's allegations." Id. at 730 (citation omitted). When a district court engages in a factual review, it inquires into and resolves factual disputes. Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002). Considering evidence beyond the complaint does not convert a Rule 12(b)(1) motion to a Rule 56 motion for summary judgment. Osborn, 918 F.3d at 730.

## III. Discussion[1]

A recent decision of the Fourth Circuit Court of Appeals is directly on point. In Hendy v. Bello, 555 F. App'x 224 (4th Cir. 2014), a postal employee filed a state-court petition for a peace order restraining her supervisor from contacting her or going to their mutual workplace. The government, acting on behalf of the supervisor, removed

---

[1]The government correctly argues that plaintiff's exclusive remedies rest in the Civil Service Reform Act, 5 U.S.C. §§ 7501, *et seq.*, and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq*. However, sovereign immunity provides a more straightforward means of addressing the issue.

the action to the U.S. District Court for the District of Maryland, which dismissed for lack of subject matter jurisdiction.

The Fourth Circuit affirmed, finding that there was no waiver of sovereign immunity. A suit against a government officer in his official capacity is really "a suit against the official's office," and so officers acting within their authority generally receive sovereign immunity. Id. at 226 (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). The employee's suit could proceed only if Congress has waived sovereign immunity on these facts. Id. The two possible sources of waiver were the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), and the Postal Reorganization Act of 1970 (PRA), 39 U.S.C. §§ 101 *et seq*.

The FTCA applies only to suits for money damages, and thus does not waive immunity for a suit seeking injunctive relief. Hendy, 555 F. App'x at 226 (citing 28 U.S.C. § 1346(b)). The PRA authorizes the Postal Service "to sue and be sued in its official name." See 39 U.S.C. § 401(1). Although "sue and be sued" clauses are generally liberally construed, they are not absolute waivers of sovereign immunity:

> "Sue and be sued" clauses do not waive sovereign immunity in several circumstances: (1) for types of suits that are "not consistent with the statutory or constitutional scheme"; (2) when "necessary to avoid grave interference with the performance of a governmental function"; or (3) for other reasons that demonstrate congressional intent to apply the "sue and be sued" clause narrowly.

Hendy, 555 F. App'x at 226 (quoting Loeffler v. Frank, 486 U.S. 549, 554-55 (1988)). The court found the first two exceptions applied because allowing a state-law injunction to prevent a federal employee from coming to work "is inconsistent with the principle of federal supremacy" and "would disturb the federal agency's internal functions." Id. Thus, there was no waiver of sovereign immunity under the FTCA or the PRA and the district court lacked subject matter jurisdiction.

The Court adopts the reasoning of Hendy v. Bello, 555 F. App'x 224 (4th Cir. 2014), and finds that it lacks subject-matter jurisdiction on sovereign immunity grounds.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction [Doc. #4] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of December, 2014.